## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBINANN GASKIN, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>FULTON FRIEDMAN & GULLACE, LLP; and JOHN DOES 1-25.<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Robinann Gaskin, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, Fulton Friedman & Gullace, LLP, (hereinafter "FULTON"); and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

### PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

**<u>DEFINITIONS</u>**

4.      As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

**<u>PARTIES</u>**

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      Defendant, FULTON is a foreign limited liability partnership with offices located at 35 Journal Square, Suite 401, Jersey City, New Jersey 07306.

8.      John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

**<u>CLASS ACTION ALLEGATIONS</u>**

9.      Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

10.      This Action is properly maintained as a statewide class action. The Class consists of:

- All New Jersey consumers who were sent collection letters and/or notices from Defendants, attempting to collect debt allegedly owed to Asset Acceptance, LLC, assigned from Providian, that contained at least one of the alleged violations arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*.

- The Class period begins one year to the filing of this Action.

11.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

  a.    Whether Defendants violated various provisions of the FDCPA;

  b.    Whether Plaintiff and the Class have been injured by Defendants' conduct;

  c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if

so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.   If Defendants' conduct is allowed proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS AS TO

12.    Plaintiff is natural person residing in the state of New Jersey.

13.    Defendants allege that Plaintiff is obligated to pay a debt.

14.    Plaintiff is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

15.    On or before September 8, 2004, Plaintiff allegedly incurred a financial obligation to Providian.

16.    The Providian obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.    On or about September 8, 2004 a judgment was obtained in the Superior Court of New Jersey, against Plaintiff relating to the Providian obligation.

18.    On or before March 13, 2009, the Providian obligation was sold and/or transferred to Asset Acceptance, LLC.

19.    At the time of the sale and/or transfer of the Providian obligation to Asset Acceptance, LLC, such obligation was past due.

20.    Asset Acceptance, LLC contends that the Providian obligation is in default.

21.    The Providian obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

22.    Asset Acceptance, LLC directly or through its agents, collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

23.     Asset Acceptance, LLC is a "debt collector" as defined by 15 U.S.C. §1692a(6).

24.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

25.     Plaintiff is informed and believes and on that basis, that sometime prior to June 4, 2012, Asset Acceptance, LLC either directly or through intermediate transactions assigned, place, transferred or sold the debt to FULTON for the purpose of collection.

26.     FULTON collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

27.     FULTON is a "debt collector" as defined by 15 U.S.C. §1692a(6).

28.     On or about September 6, 2012, Fulton caused to be mailed to Plaintiff a letter. A copy of said letter is annexed hereto as **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy

29.     The September 6, 2012, letter was sent or caused to be sent by persons employed by FULTON as a "debt collector" as defined by 15 U.S.C. §1692a(6).

30.     The September 6, 2012, letter was sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C.§1692a(5).

31.     The September 6, 2012 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

32.     Upon receipt of the September 6, 2012 letter, Plaintiff read said letter.

33.     On information and belief, the September 6, 2012 letter is a computer – generated form letter that is prepared for FULTON and sent to consumers from whom it is attempting to collect a debt.

34.     The top of the September 6, 2012 letter stated in part:

September 6, 2012

Re: Asset Acceptance, LLC Assignee of Providian
Original Creditor Acct # xxxxxxxxxxx3840
Fulton, Friedman and Gullace, LLP Acct # 12-XX   Case Number:DJ07144009
Balance Due: $2866.27                             Judgment Date: September 8, 2004
Expiration date: September 28, 2012

35.     The September 6, 2012 letter did not state whether any interest was included in the balance due.

36.      The September 6, 2012 letter did not state whether any interest was accruing.

37.     FULTON was not the law firm that represented the creditor whom obtained the judgment referenced in the September 6, 2012 letter, against Plaintiff.

38.     On or about April 2, 2013, Fulton caused to be mailed to Plaintiff a letter. A copy of said letter is annexed hereto as **Exhibit B**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy

39.     The April 2, 2013, letter was sent or caused to be sent by persons employed by FULTON as a "debt collector" as defined by 15 U.S.C. §1692a(6).

40.     The April 2, 2013, letter was sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C.§1692a(5).

41.     The April 2, 2013 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

42.     Upon receipt of the April 2, 2013 letter, Plaintiff read said letter.

43.     The top of the April 4, 2013 letter stated in part:

April 4, 2013

Re: Asset Acceptance, LLC Assignee of Providian
Original Creditor Acct # xxxxxxxxxxx3840
Fulton, Friedman and Gullace, LLP Acct # 12-XX
Balance Due: $2943.84

44.     The April 4, 2013 letter further stated:

"Based on our inability to arrange payment on your account, a judgment has been obtained against you."

Case Number: Dj07144009
Judgment Date: September 08, 2004

45.     The April 4, 2013 letter did not state whether any interest was included in the balance due.

46.     The April 4, 2013 letter did not state whether any interest was accruing.

47.     The stated "Balance Due" in the April 4, 2013 letter is $77.57 greater than the stated "Balance Due" in the September 6, 2012 letter.

48.     Pursuant to N.J. Court R. 4:42-11(a)(ii), the annual post-judgment interest rate is equal to the average rate of return for the State of New Jersey Cash management Fund for the preceding fiscal year, rounded off to the nearest one-half percent.  By Supreme Court order effective January 1, 2013, the rate so calculated cannot be less than 0.25%.

49.     The post-judgment interest rate for the year ending December 31, 2012 was 0.5%.

50.     The post-judgment interest rate for the year ending December 31, 2013 is 0.25%.

51.     There is 210 days between September 6, 2012 letter and the April 4, 2013 letter.

52.     FULTON increased the "Balance Due" by $77.57 or 2.706% for a period of only 210 days.

53.     Fulton attempted to collect an amount of interest not permitted by law.

54.     FULTON made a false representation as to the amount of the debt.

55.     FULTON statement in the April 4, 2013 "Based on our inability to arrange payment on your account, a judgment has been obtained against you" letter is false, deceptive and misleading, as it leads the least sophisticated consumer into believing that the debt collection process has entered into an elevated level of collection with a heighten sense of urgency for payment.

56.     The judgment referenced in the both the September 6, 2012 letter and the April 4, 2013 letter was obtained prior to Asset Acceptance, LLC placing the account with FULTON for collection.

57.     The judgment obtained by  Asset Acceptance, LLC was in no way related to FULTON's inability to arrange payment on Plaintiff's account.

58.     FULTON could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

59.     It is FULTON's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, and **Exhibit B**, and collection methods that violate the FDCPA,  by inter alia:

(a)     Falsely representing the amount of the debt;

(b)     Making false representations and using deceptive means when attempting to collect the alleged debt from consumers; and

(c)     Attempting to collect an amount of interest that is not permitted by law;

60.     On information and belief, FULTON sent a written communication, in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the State of New Jersey.

<u>COUNT I</u>

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**

61.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 60 as if the same were set forth herein again at length.

62.     FULTON violated the FDCPA.

63.     FULTON's violations of the FDCPA include, but are not limited to, the following:

(a)     Falsely representing the amount of the in violation of 15 U.S.C. §1692e(2)(A);

(b)     Using false representations and deceptive means to attempt to collect a debt in violation of 15 U.S.C. §1692e(10);

(c)     Using unfair and unconscionable means to attempt to collect a debt in violation of 15 U.S.C. §1692f; and

(e)     Attempt to collect interest in amount not permitted by law . in violation of 15 U.S.C. §1692f(1).

**WHEREFORE,** Plaintiff demands judgment against FULTON as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., as Class Counsel;

(b)     Issuing a preliminary and/or permanent injunction restraining FULTON, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c)     Issuing a declaratory Order requiring Defendant to make corrective disclosures;

(d)     Awarding Plaintiff and the Class statutory damages;

(e)     Awarding Plaintiff and the Class actual damages;

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Fairfield, New Jersey
      September 5, 2013

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ-5509)
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900
(973) 244-0019 facsimile
jkj@legaljones.com
Attorneys for Plaintiff

*/s/ Marin Wolf*
Marvin Wolf, Esq.
151 W. Passaic Street
Rochelle Park, New Jersey
(201)368-5858
Attorney for Plaintiff

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/  Joseph K. Jones*
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: September 5, 2013

*/s/  Joseph K. Jones*
Joseph K. Jones, Esq.

Exhibit

A

# FULTON FRIEDMAN & GULLACE, LLP

## COLLECTIONS, CONSULTING & LITIGATION

### LICENSED IN AZ, CA, DC, FL, IL, MD, MI, NJ, NY, OH, PA, TN, TX & VA

PO BOX 2123
WARREN, MI 48090-2123

TOLL FREE 877-692-6186

September 6, 2012

Re: Asset Acceptance, LLC Assignee of Providian
Original Creditor Acct #: XXXXXXXXXXXX3840
Fulton, Friedman and Gullace, LLP Acct #: ▮▮▮▮▮▮
Balance Due: $2866.27
Expiration Date: September 28, 2012

Case Number: DJ07144009
Judgment Date: September 8, 2004

Dear Robinann Gaskin:

Times have been tough. The down economy has made things difficult for a lot of people. We understand. We know that you, like others, are doing the best you can to meet your financial responsibilities.

We would like to help you take care of this account and prevent any further action we may otherwise take concerning this matter, by offering you an opportunity to resolve the referenced account for a 30% discount, $2006.39, due by September 28, 2012.

We will discontinue our attempts to collect on the judgment through available post-judgment remedies once your payment is received.

Please contact our office at the number listed below to set-up your payment arrangement.

It may be possible to extend the deadline under certain circumstances. The settlement offer outlined above is guaranteed through the above referenced date. After that time we reserve the right to modify the settlement offer, or revoke the offer entirely. We are not obligated to renew this offer.

**This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.**

Fulton, Friedman & Gullace, LLP
Toll Free: 877-692-6186

Please be advised that our client, Asset Acceptance, LLC, has requested that we include the following message.

Important Disclosure

Federal law prohibits certain methods of debt collection, and requires that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop the contact or that you refuse to pay the debt. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.

If you have a complaint about the way we are collecting this debt, please write to us at PO Box 2123, Warren, MI 48090-2123, email us at consumercomplaints@fultonfriedman.com, or call us toll-free at 877-284-7493 between 9:00 am and 5:00 pm Eastern Standard Time, Monday - Friday.

The Federal Trade Commission enforces the Fair Debt Collections Practices Act (FDCPA). If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave., N.W., Washington, D.C. 20580.

***Detach Lower Portion and Return with Payment***

127CGASSE02OS_0172

# Exhibit

# B

# FULTON FRIEDMAN & GULLACE, LLP

## COLLECTIONS, CONSULTING & LITIGATION

### LICENSED IN AZ, CA, DC, FL, IL, MD, MI, NJ, NY, OH, PA, TN, TX & VA

PO Box 2123
WARREN, MI 48090-2123

TOLL FREE 877-692-6186

April 4, 2013

Re: Asset Acceptance, LLC Assignee of Providian
Original Creditor Acct #: XXXXXXXXXXXX3840
Fulton, Friedman and Gullace, LLP Acct #: ▮▮▮▮▮
Balance Due: $2943.84

Dear Robinann Gaskin:

Based on our inability to arrange for payment on your account, a judgment has been obtained against you.

Case Number: Dj07144009
Judgment Date: September 08, 2004

We are offering you an opportunity to resolve your account by making payments of $149.00 per month until your balance is paid. To take advantage of this offer you must call James Craig toll free at 877-692-6186 ext. 0 to set-up your payment plan and to hear about our payment method options. Your first payment is due by April 30, 2013.

It may be possible to extend the deadline under certain circumstances. The settlement offer outlined above is guaranteed through the above referenced date. After that time we reserve the right to modify the settlement offer, or revoke the offer entirely. We are not obligated to renew this offer.

**This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.**

Fulton, Friedman & Gullace, LLP
Toll Free: 877-692-6186

Please be advised that our client, Asset Acceptance, LLC, has requested that we include the following message.

### Important Disclosure

Federal law prohibits certain methods of debt collection, and requires that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop the contact or that you refuse to pay the debt. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.

If you have a complaint about the way we are collecting this debt, please write to us at PO Box 2123, Warren, MI 48090-2123, email us at consumercomplaints@fultonfriedman.com, or call us toll-free at 877-284-7493 between 9:00 am and 5:00 pm Eastern Standard Time, Monday - Friday.

The Federal Trade Commission enforces the Fair Debt Collections Practices Act (FDCPA). If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave., N.W., Washington, D.C. 20580.

***Detach Lower Portion and Return with Payment***

127CGASSE02OS_0240

Fulton, Friedman & Gullace, LLP Acct #: ▮▮▮▮▮
Balance Due: $2943.84